**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Van Lines, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Plains Medical Center, Inc., a Colorado nonprofit corporation; Dr. Carmen Alfonso,<br><br>    Defendants. | No. CV10-8212-PCT-JAT<br><br>**ORDER** |

Currently pending before the Court is Defendant Plains Medical Center, Inc.'s ("Plains Med") Motion to Dismiss (Doc. 13). The Court now rules on the Motion.

## **BACKGROUND**

On August 3, 2009, Defendant Dr. Alfonso entered into a contract with Plaintiff United Van Lines, LLC ("United") for the interstate shipment of her personal property and household goods from Flagstaff, Arizona to Strasburg, Colorado. The contract, Uniform Household Goods Bill of Lading and Freight Bill No. 26-2061-9 (the "BOL"), incorporates United's published tariffs.

Defendant Plains Med, Dr. Alfonso's former employer, guaranteed payment for her move. On January 28, 2010, Plains Med made a partial payment of $14, 055.47 for the move, leaving an unpaid balance of $5,528.09. Item 2 of the BOL Terms reads, in pertinent part: "If the carrier extends credit by agreeing to bill an employer or other party, and in the

event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment.

United delivered Dr. Alfonso's household goods and personal property to her in Strasburg, Colorado on August 24, 2009. Despite repeated demands, Defendants have not paid the outstanding transportation charges of $5,528.09.

United filed this action on November 5, 2010. (Doc. 1.) United filed an Affidavit of Service indicating Defendant Plains Med was served on November 26, 2010. (Doc. 8-1.) United filed an Affidavit of Service indicating Defendant Dr. Alfonso was served on June 22, 2011. Plains Med filed the pending Motion to Dismiss for insufficient service and lack of personal jurisdiction on December 29, 2010. (Doc. 13.)

## MOTION TO DISMISS FOR INSUFFICIENT SERVICE

Defendant Plains Med alleges that United did not properly serve it because United served the Complaint and Summons on Crystal Metcalf, the Quality Resources Coordinator for Plains Med, who is not an officer, a managing or general partner, or the registered agent for Plains Med. Plains Med argues that Ms. Metcalf was not authorized to receive service of process on its behalf.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). But Rule 4 is flexible and should be "liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Absent substantial compliance with Rule 4, however, neither actual notice nor naming the defendant in the pleading will provide personal jurisdiction. *Id.*

Rule 4(h)(1)(B) provides in relevant part that a corporation, partnership, or association, such as Plains Med, can be served in a judicial district of the United States by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. "Despite the language of the Rule, service of process is not limited solely to officially designated

officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice." *Direct Mail*, 840 F.2d at 688. A party therefore can effect service on a representative "so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id*. (internal citations omitted). The Court must determine whether service on Crystal Metcalf, who admittedly is not an officer of Plains Med or its registered service agent, was sufficient.

On November 26, 2010, the process server hired by United went the Plains Med office at 820 First Street, Limon CO 80828. (Affidavit of Service, Doc. 17-1.) When the server entered the building, she asked the receptionist sitting at the front desk for Zettie Page because Ms. Page was listed as the statutory agent for Plains Med. (Id.) The receptionist told the server that Ms. Page had moved away and that Crystal Metcalf was now in charge of human resources for Plains Med. (Id.) When Ms. Metcalf came to the front desk, the process server asked Ms. Metcalf if she was authorized to accept papers on behalf of Plains Med. (Id.) Ms. Metcalf stated that she had that authority, so the server left her a copy of the Summons and Complaint. (Id.)

The Court finds that Ms. Metcalf was sufficiently integrated with Plains Med to know what to do with the Summons and Complaint. *Direct Mail*, 840 F.2d at 688. The Court further finds that Ms. Metcalf stood "in a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service." *Id*. As the Ninth Circuit Court of Appeals noted in *Direct Mail*, actual receipt of process, combined with extenuating circumstances, may make process fair. *Id*.

Plains Med does not argue that the proper party did not receive actual notice of the Complaint; and extenuating circumstances existed. Plains Med had not updated the name of its agent for service of process on the Colorado Secretary of State, Business Division, website, even though the service agent listed had left the company. The process server

sought the service agent listed on the website and was told that person had left the company. The receptionist told the process server she should give the documents to Ms. Metcalf. Ms. Metcalf told the process server that she could accept papers on behalf of Plains Med. Under those circumstances, the Court finds that Plaintiff United effectively served Defendant Plains Med. The Court therefore denies Plains Med's Motion to Dismiss for insufficient service.

### **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Plains Med also argues that it should be dismissed for lack of personal jurisdiction. Plains Med asserts that the Court lacks general jurisdiction, that Plains Med has insufficient minimum contacts with Arizona to support specific jurisdiction, and that the exercise of jurisdiction would offend the notions of fair play and justice.

The plaintiff bears the burden of establishing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). If the Court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Id*. Uncontroverted allegations in the Complaint are deemed true for purposes of resolving the motion. *Id*.

When, as here, no federal statute governs personal jurisdiction, the Court applies the law of the forum state. *Id*. The Arizona long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz.R.Civ.P. 4.2(a); *see also Uberti v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995)(stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution").

Absent traditional bases for personal jurisdiction (i.e., physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful

'contacts, ties or relations.'" *Omeluk v. Langsten Slip & Batbyggeri*, 52 F.3d 267, 269-70 (9th Cir. 1995)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)). A nonresident defendant's liberty interest is protected:

> By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'

*Id.* at 270 (alteration in original)(quoting *Burger King*, 471 U.S. at 472).

If the Court determines that Plains Med's contacts with Arizona are sufficient to satisfy the Due Process Clause, then the Court must exercise either "general" or "specific" jurisdiction over Plains Med. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984)(citations omitted). The nature of Plains Med's contacts with Arizona will determine whether the Court exercises general or specific jurisdiction. *Id*.

### 1. General Jurisdiction

A court may assert general jurisdiction over a nonresident defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if the cause of action is unrelated to those activities." *Doe*, 112 F.3d at 1050-51.

Plains Med argues that it does not have "substantial" or "continuous and systematic" contacts with Arizona, and the Court agrees. Plains Med does not own property or maintain an office in Arizona, nor does it have any other presence in Arizona. Because Plains Med's activities in Arizona are not sufficiently substantial, this Court cannot assert general jurisdiction over Plains Med.

### 2. Specific Jurisdiction

If a defendant does not have substantial or continuous and systematic contacts with the forum state, then the Court must determine whether the defendant has had sufficient contacts with the forum state such that the exercise of specific jurisdiction over the defendant would not offend the Due Process Clause. *See Int'l Shoe*, 326 U.S. at 316. The Ninth Circuit applies a three-prong test to determine whether the exercise of specific jurisdiction over a

nonresident is appropriate. *Boschetto*, 539 F.3d at 1016. Under this three-prong test, specific jurisdiction exists if: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum or the resident thereof; or performs some act by which he personally avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Id.*

Plaintiff bears the burden on the first two prongs. *Id.* If Plaintiff establishes both prongs one and two, then Defendant Plains Med must come forward with a "compelling case" that personal jurisdiction would be unreasonable. *Id.* Courts analyze cases that arise out of contracts, as here, under the "purposeful availment" standard. *Id.*

### a. Purposeful Availment

To purposefully avail itself of the privilege of doing business in a forum, a defendant must perform some type of affirmative conduct that allows or promotes the transaction of business within the forum. *Id.* A nonresident's formation of a contract standing alone does not create personal jurisdiction. *Id.* at 1017 (citing *Burger King*, 471 U.S. at 478). The Court considers the prior negotiations, contemplated future consequences, actual terms of the contract, and the parties' course of dealing when determining purposeful availment. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990)(internal citations omitted). In analyzing the purposeful availment requirement, the Court performs a qualitative evaluation of the defendant's contact with the forum state to determine whether "the 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993)(quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Defendant Plains Med recruited Defendant Alfonso for employment while Dr. Alfonso was living in Flagstaff, Arizona. When Dr. Alfonso accepted a job with Plains Med, Plains Med agreed to pay her moving expenses from Arizona to Colorado. Plains Med sent

a Letter of Authorization to United addressed to United's office in Flagstaff, Arizona, thereby acting as a guarantor. (Doc. 17-1.) Plains Med later paid a portion of the transportation charges for the move from Arizona.

Plains Med acted as a guarantor in order to facilitate the transportation agreement between Defendant Alfonso, an Arizona resident at the time, and Plaintiff United. Plains Med thereby performed an affirmative act that promoted the transaction of business within Arizona. The Court therefore finds that United has met its prima facie burden of demonstrating that Plains Med purposefully availed itself of the privilege of doing business in Arizona.

The Court's finding is supported by the holding in *Forsythe v. D.H. Overmyer*, 576 F.2d 779 (9th Cir. 1978). In *Forsythe*, a resident of New York signed a personal guaranty to help secure the lease of his corporation's warehouse in Oregon. The lease between the corporation and the California plaintiff was negotiated in California and contained a California governing law clause, although the personal guaranty did not contain a California clause. *Id*. at 783. The Ninth Circuit Court of Appeals held that California had personal jurisdiction over the New York resident because he entered into the guaranty to secure a contract that contained a California law clause for the benefit for his corporation. *Id*. at 783-84.

### b. Claim Arises Out of Activities

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's cause of action arises out of the defendant's forum-related activities. *Doe*, 112 F.3d at 1051. The "arising out of" requirement is met if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

The "but for" test is satisfied in this matter because the cause of action arises out of Defendant Plains Med's forum-related activities. But for Plains Med's authorization to pay for Dr. Alfonso's move from Arizona, United's breach of contract action against Plains Med would not have arisen. The Court therefore finds that the alleged breach of contract arises

out of Plains Med's Arizona-related activities.

### c. Reasonableness of Jurisdiction

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. *Ziegler v. Indian River County*, 64 F.3d at 470, 474-75 (9th Cir. 1995). But the Court presumes that its exercise of jurisdiction over a defendant is reasonable if the first two requirements of the specific jurisdiction test are met. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). As outlined earlier, if Plaintiff satisfies the first two requirements for specific jurisdiction, then the burden of proof shifts to Plains Med, which must come forward with a "compelling case" that personal jurisdiction would be unreasonable. *Id.*

The Ninth Circuit considers the following seven factors in determining whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Ziegler*, 64 F.3d at 475.

Because the Court has found that Plaintiff has met the first two requirements of specific jurisdiction, Defendant Plains Med must come forward with a compelling case to rebut the presumption that jurisdiction in Arizona is reasonable. Defendant Plains Med has failed to meet that burden.

Given the Court's finding that Plains Med's contacts with Arizona satisfy the purposeful availment prong, the Court also finds that Plains Med purposefully interjected itself into Arizona to conduct business. Plains Med has failed to show that as a business entity it would be substantially burdened by litigating in Arizona. Arizona does have an interest – albeit not a particularly strong one – in adjudicating this dispute because although Plaintiff United is incorporated in Missouri, it has local offices in Arizona. Moreover, the

1  moving contract was entered into in Arizona, and Plains Med sent its authorization to
2  Arizona to secure the move. In terms of efficiency, Plaintiff may have witnesses from
3  United's Flagstaff office, Defendant Plains Med's witnesses are located in Colorado, and
4  Defendant Alfonso currently resides in Florida. So, no state can claim a substantial part of
5  the evidence and witnesses. But alternative forums are available in Colorado and Florida.

After a review of all the factors, the Court finds Defendant Plains Med has failed to present a compelling case that the exercise of jurisdiction would not comport with fair play and substantial justice. Because Plaintiff has satisfied the three-prong specific jurisdiction test, the Court finds that it has personal jurisdiction over Defendant Plans Med. The Court therefore denies the Motion to Dismiss for lack of personal jurisdiction.

Accordingly,

**IT IS ORDERED** DENYING Defendant Plains Medical Center's Motion to Dismiss for insufficiency of service and for lack of personal jurisdiction (Doc. 13).

DATED this 22nd day of August, 2011.

James A. Teilborg
United States District Judge